UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FILOMENA G. SPINOLA | : | CA 08 274 |
| | : | |
| VS. | : | C.A. No.: |
| | : | Plaintiff hereby demands trial by jury on Counts I through VI. |
| WELLS FARGO FINANCIAL RETAIL CREDIT, INC., AMERICAN GENERAL FINANCE AND GE MONEY BANK | : | |

**COMPLAINT**

**COUNT I : VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**INTRODUCTION**

This is a consumer action under the Fair Credit Reporting Act, 15, U.S.C. §1681a et seq. In this action, Plaintiff seeks money damages as provided under the Act as a result of Defendants' conduct in willfully and wrongfully procuring Plaintiff's credit report.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a resident of the City of Pawtucket, County of Providence and State of Rhode Island.

2. Defendant Wells Fargo Financial Retail Credit, Inc. is, upon information and belief, an Iowa corporation with its principal place of business located at 800 Walnut Street, F4030-092, Des Moines, Iowa 50309-3636 and it has sufficient minimum contacts with the State of Rhode Island so as to render it subject to the personal jurisdiction of this Honorable Court.

3. Defendant American General Finance is a Rhode Island corporation with its principal place of business located at 601 Northwest Second Street, Evansville, Indiana 47708.

4. Defendant GE Money Bank is an Ohio corporation with its principal place of busines located at 4246 South Riverboat Road, Salt Lake City, Utah 84123 and it has sufficient minimum contacts with the State of Rhode Island so as to render it subject to the personal jurisdiction of this Honorable Court.

5. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §§ 1681p. Venue is proper in this Court pursuant to 15 U.S.C. §§ 13291b.

## FACTUAL BACKGROUND

6. On or about September 23, 2007, each of the Defendants obtained Plaintiff's credit report.

7. Upon information and belief the Defendant's obtained Plaintiff's credit report in connection with an application for credit with Adams Furniture, Pawtucket, Rhode Island filed by someone other than Plaintiff.

8. Plaintiff herself had not, during the relevant periods of time, applied for credit with Adams furniture and Defendants never received permission from Plaintiff to obtain her credit report.

9. Defendants did not have a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, to obtain Plaintiff's credit report.

10. The fact that Defendants obtained Plaintiff's credit report caused actual damage to Plaintiff.

11. None of the Defendants notified Plaintiff that her credit report had been obtained, that a free copy of her credit report could be obtained from a credit reporting agency of that the accuracy or completeness of any information in the credit report could be disputed.

## COUNT I : WILLFUL WRONGFUL PROCUREMENT OF CREDIT REPORT

12. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681a et seq., a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose. The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

13. Under 15 U.S.C. § 1681b(a)(3)(A), any consumer reporting agency may furnish a consumer report to a person which it has reason to believe intends to use the information in connection with a credit transaction involving the extension of credit to, or review or collection of an account of, the consumer.

14. The scope of this permissible purpose is, however, restricted to obtaining the credit report of the person applying for the credit. This section does not permit an insurer to obtain credit reports of persons who are not the consumer applying for the credit.

15. Under 15 U.S.C. § 1681b(f) a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

16. A person who obtains a credit report on a person who has not initiated a credit transaction involving the extension of credit to, or review or collection of an account of, a consumer violates 15 U.S.C. 1681b(f).

17. Defendants had no permissible purpose in obtaining Plaintiff's credit report and Defendant's actions in obtaining Plaintiff's credit report, Plaintiff being a person other than the consumer applying for credit, violates 15 U.S.C. § 1681b(f).

18. The entities from which Defendants obtained Plaintiff's credit report are "consumer reporting agencies" within the meaning of the Fair Credit Reporting Act.

19. The credit report that Defendants obtained on Plaintiff are "consumer reports" within the meaning of the Fair Credit Reporting Act.

20. In obtaining Plaintiff's credit report without having a permissible purpose Defendants acted willfully, knowingly, and in conscious disregard for the rights of Plaintiff under the Fair Credit Reporting Act.

21. In obtaining Plaintiff's credit report from the credit reporting agencies, without a permissible purpose, Defendants acted willfully, knowingly, and in conscious disregard of the rights of Plaintiff.

22. Defendants' actions in obtaining Plaintiff's credit report knowingly without a permissible purpose constitutes obtaining a credit report from a consumer reporting agency under false pretenses within the meaning of 15 U.S.C. §1681n(b).

23. As a result of Defendants' willful practice of violating the Fair Credit Reporting Act, Defendants are liable under 15 U.S.C. § 1681n for compensatory damages and punitive damages in an amount sufficient to deter Defendants from engaging in this kind of illegal practice in the future.

24. As a result of Defendants' willful practice in violating the Fair Credit Reporting Act, Defendants are liable under 15 U.S.C. § 1681n for the costs of bringing this action as well as reasonable attorney's fees.

WHEREFORE, Plaintiff requests the following relief:

(a) a judicial determination that Defendant's, Wells Fargo Financial Retail Credit, Inc., obtaining Plaintiff's credit report without a permissible purpose violates the Fair Credit Reporting Act;

(b) an award of statutory damages to Plaintiff in an amount to be determined at trial;

(c) an award of punitive damages a provided by the Fair Credit Reporting Act;

(d) an award of costs of bringing this action and reasonable attorney's fees;

(e) such other and further relief as to this Honorable Court deems just.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT I OF THE COMPLAINT.

FILOMENA SPINOLA
By Her Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

By ______________________
Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**COUNT II : WILLFUL WRONGFUL PROCUREMENT OF CREDIT REPORT**

25. Paragraphs (1 ) through (24) of Count I are hereby incorporated by reference as if fully set forth herein.

WHEREFORE, Plaintiff requests the following relief:

(a) a judicial determination that Defendant's, American General Finance, obtaining Plaintiff's credit report without a permissible purpose violates the Fair Credit Reporting Act;
(b) an award of statutory damages to Plaintiff in an amount to be determined at trial;
(c) an award of punitive damages a provided by the Fair Credit Reporting Act;
(d) an award of costs of bringing this action and reasonable attorney's fees;
(e) such other and further relief as to this Honorable Court deems just.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT II OF THE COMPLAINT.

FILOMENA SPINOLA
By Her Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

By ______________________
Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060

Fax. (401) 728-6534

**COUNT III : WILLFUL WRONGFUL PROCUREMENT OF CREDIT REPORT**

26. Paragraph (25 ) of Count II is hereby incorporated by reference as if fully set forth herein.

WHEREFORE, Plaintiff requests the following relief:

(a) a judicial determination that Defendant's, GE Money Bank, obtaining Plaintiff's credit report without a permissible purpose violates the Fair Credit Reporting Act;

(b) an award of statutory damages to Plaintiff in an amount to be determined at trial;

(c) an award of punitive damages a provided by the Fair Credit Reporting Act;

(d) an award of costs of bringing this action and reasonable attorney's fees;

(e) such other and further relief as to this Honorable Court deems just.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT III OF THE COMPLAINT.

FILOMENA SPINOLA
By Her Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

By [signature]
Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**COUNT IV : VIOLATION OF THE RIGHT TO PRIVACY**

26. Paragraph (25) of Count III is hereby incorporated by reference as if fully set forth herein.

27. Defendants' actions as described above constituted a violation of Plaintiff's right to privacy under Rhode Island General Laws § 9-1-28.1 et seq. which includes the right to be secure from unreasonable intrusion upon her physical solitude or seclusion.

28. Defendants' actions constituted an invasion of something of Plaintiff's that was entitled to be private or would be expected to be private.

29. The invasion of Plaintiff's privacy was or is offensive or objectionable to a reasonable person.

30. Defendants are liable to Plaintiff for damages including, but not limited to, reasonable attorney's fees.

WHEREFORE, Plaintiff demands Judgment against Defendant Wells Fargo Financial Retail Credit, Inc. on Count IV for compensatory damages in an amount within the jurisdiction of this Honorable Court, together with interest, costs of suit and reasonable attorney's fees.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT IV OF THE COMPLAINT.

FILOMENA SPINOLA
By Her Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

By ______________________
Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**COUNT V : VIOLATION OF THE RIGHT TO PRIVACY**

31. Paragraphs (26) through (30) of Count IV are hereby incorporated by reference as if fully set forth herein.

WHEREFORE, Plaintiff demands Judgment against Defendant American General Finance on Count IV for compensatory damages in an amount within the jurisdiction of this Honorable Court, together with interest, costs of suit and reasonable attorney's fees.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT IV OF THE COMPLAINT.

FILOMENA SPINOLA
By Her Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

By ______________________
Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**COUNT VI : VIOLATION OF THE RIGHT TO PRIVACY**

32. Paragraph (31) of Count V is hereby incorporated by reference as if fully set forth herein.

WHEREFORE, Plaintiff demands Judgment against Defendant GE Money Bank on Count VI for compensatory damages in an amount within the jurisdiction of this Honorable Court, together with interest, costs of suit and reasonable attorney's fees.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT IV OF THE COMPLAINT.

FILOMENA SPINOLA
By Her Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

By ______________________
Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

Dated: 07-22-08