UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FILOMENA G. SPINOLA,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO FINANCIAL RETAIL CREDIT, INC., AMERICAN GENERAL FINANCE and GE MONEY BANK,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 08-274-S |

**ANSWER OF DEFENDANT AMERICAN GENERAL FINANCE**

Defendant American General Finance ("Defendant") responds as follows to Plaintiff Filomena G. Spinola's ("Plaintiff") Complaint.

**INTRODUCTION**

The allegations of the Introduction call for legal conclusions to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of the Introduction.

**PARTIES, JURISDICTION AND VENUE**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Defendant denies that it is a Rhode Island corporation but admits that it has a principal place of business at 601 Northwest Second Street, Evansville, Indiana 47708.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5. The allegations of Paragraph 5 of the Complaint call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. Defendant admits the allegations of Paragraph 6 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 as they relate to other defendants.

7. Defendant admits that it obtained Plaintiff's credit report in connection with an application for credit with Adams Furniture, Pawtucket, Rhode Island. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 as they relate to other defendants.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

**COUNT I**
**(Willful Wrongful Procurement of Credit Report)**

12. The allegations of Paragraph 12 call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 12.

13. The allegations of Paragraph 13 call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 13.

14. The allegations of Paragraph 14 call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 14.

15. The allegations of Paragraph 15 call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 15.

16. The allegations of Paragraph 16 call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 as they relate to other defendants.

18. The allegations of Paragraph 18 call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 18.

19. The allegations of Paragraph 19 call for a legal conclusion to which no response is required and Defendant leaves Plaintiff to her proof thereon. To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 as they relate to other defendants.

21. Defendant denies the allegations of Paragraph 21 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 as they relate to other defendants.

22. Defendant denies the allegations of Paragraph 22 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 as they relate to other defendants.

23. Defendant denies the allegations of Paragraph 23 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 as they relate to other defendants.

24. Defendant denies the allegations of Paragraph 24 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 as they relate to other defendants.

## COUNT II
**(Willful Wrongful Procurement of Credit Report)**

25. Defendant hereby incorporates by reference its responses to the allegations of Paragraphs 1 through 24 as if fully set forth herein and denies that Plaintiff is entitled to judgment against Defendant.

**COUNT III**
**(Willful Wrongful Procurement of Credit Report)**

26. Defendant hereby incorporates by reference its responses to the allegations of Paragraphs 1 through 25 as if fully set forth herein.

**COUNT IV**
**(Violation of the Right to Privacy)**

26.[sic] Defendant hereby incorporates by reference its responses to the allegations of Paragraphs 1 through 26 as if fully set forth herein.

27. Defendant denies the allegations of Paragraph 27 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 as they relate to other defendants.

28. Defendant denies the allegations of Paragraph 28 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 as they relate to other defendants.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30 as they pertain to American General. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 as they relate to other defendants.

**COUNT V**
**(Violation of the Right to Privacy)**

31. Defendant hereby incorporates by reference its responses to the allegations of Paragraphs 1 through 30 as if fully set forth herein and denies that Plaintiff is entitled to judgment against Defendant.

**COUNT VI**
**(Violation of the Right to Privacy)**

32. Defendant hereby incorporates by reference its responses to the allegations of Paragraphs 1 through 31 as if fully set forth herein.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and that it award American General its attorneys' fees, costs and such other and further relief that this Court deems just and proper.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for failure to join necessary and indispensable parties.

**THIRD AFFIRMATIVE DEFENSE**

Each and every cause of action in the Complaint is barred by the doctrines of estoppel and waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's action is time-barred by the applicable statue of limitations and/or statutes of repose.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Defendant obtained a copy of Plaintiff's credit report, such action was authorized by law and otherwise lawful.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's losses, if any, were directly and proximately caused by the Plaintiff's own conduct and/or the criminal and/or unauthorized actions of third parties over whom American General had no responsibility or control.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to properly mitigated the losses or damages, if any, suffered as a result of the events that are the basis of this action.

AMERICAN GENERAL FINANCE

By its Attorneys,

/s/ Stephen M. Prignano
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 10, 2008.

/s/ Stephen M. Prignano