UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILOMENA G. SPINOLA
Plaintiff,

v.

WELLS FARGO FINANCIAL RETAIL CREDIT, INC., AMERICAN GENERAL FINANCE AND GE MONEY BANK
Defendant.

C.A. No. 08-0274-S

**ANSWER OF DEFENDANT**
**GE MONEY BANK**

Defendant, GE Money Bank ("GE" and/or "Defendant") hereby responds to the Complaint of Plaintiff, Filomena G. Spinola ("Plaintiff" and/or "Spinola") as follows:

## INTRODUCTION

The Introduction consists of legal argument and conclusions of law that require no answer. To the extent that the Introduction alleges facts, they are denied.

## PARTIES, JURISDICTION AND VENUE

1. Defendant has insufficient information to form a belief as to the truth of the allegations in Paragraph 1.
2. Defendant has insufficient information to form a belief as to the truth of the allegations in Paragraph 2.
3. Defendant has insufficient information to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendant admits so much of Paragraph 4 as alleges that Defendant is a federally chartered savings bank with its principal of business at 4246 South River Boat Road, Suite 200, Salt Lake City, Utah 84123. Defendant denies the remaining allegations contained in Paragraph 4.

5. Paragraph 5 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 5 alleges facts, they are denied.

## FACTUAL BACKGROUND

6. Defendant has insufficient information to form a belief as to the truth of the allegations in Paragraph 6.

7. Defendant has insufficient information to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendant has insufficient information to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9 as they relate to GE Money Bank. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations.

10. Defendant denies the allegations contained in Paragraph 10 as they relate to GE Money Bank.

11. Defendant has insufficient information to form a belief as to the truth of the allegations in Paragraph 11.

## COUNT 1
## (WILLFUL WRONGFUL PROCUREMENT OF CREDIT REPORT)

12. Paragraph 12 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 12 alleges facts, they are denied.

13. Paragraph 13 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 13 alleges facts, they are denied..

14. Paragraph 14 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 14 alleges facts, they are denied.

15. Paragraph 15 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 15 alleges facts, they are denied.

16. Paragraph 16 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 16 alleges facts, they are denied.

17. Defendant denies the allegations contained in Paragraph 17 as they relate to GE Money Bank.

18. Paragraph 18 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 18 alleges facts, they are denied.

19. Paragraph 19 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 19 alleges facts, they are denied.

20. Defendant denies the allegations contained in Paragraph 20 as they relate to GE Money Bank.

21. Defendant denies the allegations contained in Paragraph 21 as they relate to GE Money Bank.

22. Defendant denies the allegations contained in Paragraph 22 as they relate to GE Money Bank.

23. Defendant denies the allegations contained in Paragraph 23 as they relate to GE Money Bank.

24. Defendant denies the allegations contained in Paragraph 24 as they relate to GE Money Bank.

**COUNT II**
**(WILLFUL WRONGFUL PROCUREMENT OF CREDIT REPORT)**

25. Defendant repeats its responses to the allegations contained in Paragraphs 1 through 24 of the Plaintiff's Complaint and, by this reference, incorporates them herein. The remainder of Paragraph 25 consists of Requests for Relief that require no answer.

**COUNT III**
**(WILLFUL WRONGFUL PROCUREMENT OF CREDIT REPORT)**

26. Defendant repeats its responses to the allegations contained in Paragraphs 1 through 25 of the Plaintiff's Complaint and, by this reference, incorporates them herein. The remainder of Paragraph 26 consists of Requests for Relief that require no answer.

**COUNT IV**
**(VIOLATION OF THE RIGHT TO PRIVACY)**

26. [sic] Defendant repeats its responses to the allegations contained in Paragraphs 1 through 25 of the Plaintiff's Complaint and, by this reference, incorporates them herein.

27. Defendant denies the allegations contained in Paragraph 27 as they relate to GE Money Bank.

28. Defendant denies the allegations contained in Paragraph 28 as they relate to GE Money Bank.

29. Defendant denies the allegations contained in Paragraph 29 as they relate to GE Money Bank.

30. Defendant denies the allegations contained in Paragraph 30 as they relate to GE Money Bank.

**COUNT V**
**(VIOLATION OF THE RIGHT TO PRIVACY)**

31. Defendant repeats its responses to the allegations contained in Paragraphs 1 through 30 of the Plaintiff's Complaint and, by this reference, incorporate them herein. The remainder of Paragraph 31 consists of Requests for Relief that require no answer.

**WHEREFORE, Defendant, GE Money Bank respectfully requests that this Honorable Court dismiss the Complaint with prejudice and that it award Defendant, GE Money Bank its attorneys' fees, costs, and such other and further relief that this Court deems just and proper.**

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted as against GE Money Bank.

### Second Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### Third Defense

The Plaintiff's Complaint should be dismissed for failure to join necessary and indispensable parties.

### Fourth Defense

Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations and/or statutes of repose.

**Fifth Defense**

The Plaintiff's damage, if any, was caused by persons other than GE Money Bank, for whom GE Money Bank was not, and is not, responsible.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, by her own negligence and/or actions, over whom GE Money Bank has no authority or control.

**Seventh Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Eighth Defense**

Plaintiff's claims are barred by her own acts, omissions, and/or their failure to mitigate her damages, if any.

**Ninth Defense**

GE Money Bank has not violated the Fair Credit Reporting Act and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**Tenth Defense**

GE Money Bank denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

**Eleventh Defense**

Plaintiff's claims are barred because she has failed to show that she has suffered any damages in this matter.

**Twelfth Defense**

Based upon the above averments upon which Plaintiff's claim is made, GE Money Bank is immune from suit under the Federal Credit Reporting Act.

**Thirteenth Defense**

All claims against GE Money Bank are barred by the qualified immunity/privilege of 15 U.S.C. §1681h(e).

**Fourteenth Defense**

Plaintiff's Complaint must be dismissed because the Plaintiff has failed to comply with the conditions precedent to instituting a claim under the Fair Credit Reporting Act.

**Fifteenth Defense**

Plaintiff is not entitled to compensatory damages and punitive damages in this action.

**Sixteenth Defense**

GE Money Bank hereby gives notice that it intends to rely upon any other defenses that may become available or appear during discovery or other proceedings in this matter and hereby reserves the right to assert additional affirmative defenses as the grounds for them become known.

Respectfully submitted,

GE MONEY BANK,

By its attorneys

SHECHTMAN HALPERIN SAVAGE, LLP.

*/s/ Dean J. Wagner*
Dean J. Wagner, Esquire #5426
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 phone
(401) 272-1403 facsimile
dwagner@shslawfirm.com

Dated: September 15, 2008

***CERTIFICATE OF SERVICE***

I hereby certify that on this 15th day of September 2008, that I have caused the within Answer to be filed through the ECF system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

*/s/ Dean J. Wagner*